**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* | Chapter 13 |
| PAUL R. THOMAS, JR., | Case No. 19-15378-MBK |
| | Judge Michael B. Kaplan |
| Debtor. | **Hearing Date: October 23, 2019**<br>**Hearing Time: 9:00 a.m.** |

**RESPONSE OF INTERNAL REVENUE SERVICE TO MOTION TO
RECLASSIFY/MODIFY CLAIM OF INTERNAL REVENUE SERVICE**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to the above-captioned debtor's Motion to Reclassify/Modify Claim of Internal Revenue Service (the "Motion") [ECF Doc No. 23]. In support thereof, the Service respectfully represents as follows:

**OBJECTION**

1.  The Motion is premised on the Debtor's assertion that a significant portion of the priority claim asserted by the Service under 11 U.S.C. § 507(a)(8), *see* Claim No. 1 (the "Priority Claim"), should be reclassified as a general unsecured claim. *See* Debtor's Certification in Support of Motion [ECF Doc. No. 23] ¶ 5. Specifically, the Debtor argues that federal income tax liabilities for tax years 2014 and 2015 are not entitled to priority. *See id.*

2.  Pursuant to Bankruptcy Code section 507(a)(8)(A)(i), priority treatment is accorded to "claims . . . for . . . a tax measured by income . . . for a taxable year ending on or before the petition . . . for which a return, if required is last due, including extensions, after three years before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A)(i) (emphasis added). Section 507(a)(8) further provides that "[a]n otherwise applicable time period specified in this paragraph **_shall be suspended_** for any period during which . . . the stay of proceedings was in effect in a prior case under this title . . . **_plus 90 days_**." *Id.* § 507(a)(8)(G) (emphasis added). Thus, these two provisions set forth the following rules: (1) prepetition income taxes are entitled to priority if the underlying return was last due within three years of the petition date; and (2) the three-year "clock" for determining priority is suspended during any period that a bankruptcy stay was in effect, plus an additional 90 days.

3.  As the Debtor is aware, his immediately prior bankruptcy case was

2

filed on September 21, 2017 and dismissed on July 12, 2018. *See In re Thomas*, 17-29173 (Bankr. D.N.J.). Thus, pursuant to the tolling provisions of section 507(a)(8), the three year "clock" for determining priority was suspended for 384 days (*i.e.*, the 294 days that the prior bankruptcy was in effect, plus 90 days). 11 U.S.C. § 507(a)(8)(G).

4. With respect to tax year 2015, the Debtors' federal income tax return was last due on April 15, 2016. Thus, **_even without respect to tolling_**, tax year 2015 falls within the 3-year rule of section 507(a)(8)(A)(i) because the Debtor's bankruptcy petition was filed on March 18, 2019.

5. With respect to tax year 2014, the Debtor's federal income tax return was last due on April 15, 2015. Because the Debtors' prior bankruptcy case suspended the three year "clock" for determining priority by 384 days, tax year 2014 also falls within the three year rule of section 507(a)(8)(A)(i).

6. Based on the foregoing, the Debtor's motion is without merit and there is no basis to reclassify any portion of the Priority Claim.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny the Motion; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: September 27, 2019

                CRAIG CARPENITO
                United States Attorney

                */s/ Eamonn O'Hagan*
                EAMONN O'HAGAN
                Assistant U.S. Attorney

                *Attorneys for the*
                *United States of America*